UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22096-ALTMAN

**JOE NATHAN PYATT**,

 *Petitioner*,

*v.*

**UNITED STATES OF AMERICA**,

 *Respondent.*

_____/

## ORDER

  The Petitioner, Joe Nathan Pyatt, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the constitutionality of his ongoing federal criminal prosecution and pretrial detention in Case No. 22-CR-20138-ALTMAN. *See* Petition [ECF No. 1] at 10.[1] Pyatt believes that his prosecution is legally infirm because: (1) the Indictment's use of "the term 'members'" is ambiguous and renders the charging document defective, *id.* at 12; and (2) his alleged conduct falls "outside [the] scope of 18 U.S.C. § 2261A(2)(A)," *id.* at 13. Since Pyatt can raise these issues in his ongoing criminal proceedings, we **DISMISS** the Petition.

        \*   \*   \*

  We'll start with some necessary background. A federal grand jury charged Pyatt with three counts: two counts of making threatening communications, in violation of 18 U.S.C. § 875(c); and one count of cyber harassment, in violation of 18 U.S.C. § 2261A(2)(A). *See* Indictment, *United States v.*

---

[1] Pyatt tried to file his Petition directly with the United States Court of Appeals for the Eleventh Circuit, believing that we lacked jurisdiction to consider the Petition while an appeal was pending in his underlying criminal case. *See* Petition at 15 ("However, since Mr. Pyatt divested the district of jurisdiction when he filed an appeal to the commitment order that was issued on October 17, 2022, the Eleventh Circuit Court of Appeals exercises jurisdiction over the Custody of Mr. Pyatt[.]"). But the Eleventh Circuit disagreed and transferred the Petition to us under FED. R. APP. P. 22(a). *See* Transmittal Order [ECF No. 1-1] at 2–3.

*Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. Apr. 8, 2022), ECF No. 5 at 1–3. The Government alleges that Pyatt contacted the FBI's Miami Field Office by email and Twitter (now known as "X") and threatened to injure its agents. *See id.* at 1–2. During the pendency of this prosecution, United States District Judge Donald L. Graham ordered a competency evaluation after Pyatt's defense counsel raised concerns about Pyatt's mental health. *See* Sealed Order Directing Competency Examination, *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. July 18, 2022), ECF No. 30 at 1. After holding a hearing and considering a forensic report prepared by a Bureau of Prisons psychologist, we found that Pyatt was not competent to proceed and committed him to the custody of the Attorney General to determine whether Pyatt could be restored to competence. *See* Commitment Order, *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. Oct. 17, 2022), ECF No. 44 at 1–2.

Shortly after we entered the Commitment Order, Pyatt filed a motion to discharge his defense attorney and "to proceed *pro se*." Motion to Proceed *Pro Se*, *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. Feb. 8, 2023), ECF No. 45 at 1. On February 28, 2023, we held a *Faretta*[2] hearing and denied Pyatt's motion without prejudice, reasoning that, if Pyatt wasn't competent to proceed to trial, then he may not be competent to represent himself, either. *See Faretta* Hr'g Tr., *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. May 11, 2023), ECF No. 65 at 3–4 ("I do not think it's appropriate to have a—what we call a *Faretta* inquiry to determine whether you want to go *pro se* or not until you've been determined to be competent. It would make no sense, to my mind, to have a defendant who has been deemed incompetent, then be allowed to withdraw his counsel until there's been a finding of competence."). Despite this finding, Pyatt filed a *pro se* notice of appeal from our Commitment Order. *See* Notice of Appeal, *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. May 11, 2023), ECF No. 66. That appeal remains pending before the Eleventh Circuit. *See generally United States v. Pyatt*, No. 23-11626 (11th Cir. May 11, 2023). Pyatt also remains involuntarily committed

---

[2] *See Faretta v. California*, 422 U.S. 806 (1975).

under the provisions of 18 U.S.C. § 4246. *See* Certificate of Mental Disease or Defect, *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. Oct. 10, 2023), ECF No. 121 at 1.

Pyatt seeks relief under § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C § 2241(c)(3)). "Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered." *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (cleaned up). But the Supreme Court has held—for over one-hundred years—that a trial judge cannot grant a writ of habeas corpus *before* trial if a criminal defendant has the opportunity to challenge the legality of his prosecution in his criminal case. *See Johnson v. Hoy*, 227 U.S. 245, 247 (1913) ("The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases . . . . This is an effort to nullify that rule, and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention." (citing *Ex Parte Royall*, 117 U.S. 241, 251 (1886))); *Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Adams v. United States ex rel. McCann*, 317 U.S. 269, 274 (1942) ("Of course, the writ of habeas corpus should not do service for an appeal."); *United States v. Frady*, 456 U.S. 152, 165 (1982) (same).

And that's precisely what we have here. Pyatt contends that his indictment has defective language and that it charges him with conduct outside the scope of the relevant statute. *See* Petition at 17 ("Mr. Pyatt request[s] that this Court rule . . . that the indictment fails, as a matter of law, to state

3

an offense . . . . Mr. Pyatt request[s] that the Court order his immediate discharge from his current facility[.]"). But, as Pyatt recognizes, he *can* challenge "a defect in the indictment or information" by filing a pre-trial motion under FED. R. CRIM. P. 12(b)(3)(B)—a reality that renders his Petition unnecessary, *see* Petition at 17 (arguing that dismissal is proper under Rule 12(b)(3)(B)); *see also, e.g.*, *Garcon v. Palm Beach Cnty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008) ("While a pre-trial detainee, Garcon filed the instant habeas petition arguing . . . his indictment was invalid . . . . The claim[ ] Garcon sought to raise [is] properly brought during his criminal case and subsequent direct appeal, should he choose to file one. Therefore, the instant petition was premature and was due to be dismissed."). In short, Pyatt's Petition must be dismissed because it raises arguments he could (and should have) raised in a pre-trial motion under Rule 12(b). *See Garvey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 121 (11th Cir. 2006) ("[T]hese claims were not properly brought pursuant to [§ 2241], but should have been raised in his pending criminal case."); *Butler v. Cook*, 2021 WL 6137312, at *2 (N.D. Fla. Nov. 30, 2021) (Frank, Mag. J.) ("When a pretrial detainee's section 2241 petition raises claims that 'would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal.'" (quoting *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994))), *report and recommendation adopted*, 2021 WL 6135922 (N.D. Fla. Dec. 29, 2021) (Walker, C.J.); *see also Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, Courts have long stressed that defendants should pursue the remedies available within the criminal action.").[3]

---

[3] Pyatt, it's true, already filed *pro se* motions to dismiss the indictment in his criminal case. *See* Motion to Dismiss Count 2, *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. May 4, 2023), ECF No. 61; Motion to Dismiss Count 1, *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. May 9, 2023), ECF No. 63. But we denied these motions *without prejudice* because Pyatt was (and still is) represented by counsel and was not competent to represent himself *pro se*. *See* May 5, 2023 Paperless Order, *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. May 5, 2023), ECF No. 62 ("If the Defendant wants to refile his motion after the Attorney General has ensured that he's competent

4

After careful review, therefore, we **ORDER AND ADJUDGE** that Pyatt's Petition [ECF No. 1] is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.[4]

**DONE AND ORDERED** in the Southern District of Florida, on June 3, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Joe Nathan Pyatt, *pro se*

---

to proceed, he may do so then."); May 9, 2023 Paperless Order, *United States v. Pyatt*, No. 22-CR-20138-ALTMAN (S.D. Fla. May 9, 2023), ECF No. 64 (same). Based on this background, we find that, by this Petition, Pyatt is simply trying to circumvent our ruling that he cannot proceed *pro se* in his criminal proceeding without first being restored to competence. That is improper. *See Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) ("[W]e now adopt the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial. . . . There is no need for a habeas remedy, and the intrusion of the habeas process on trial proceedings would be disruptive. . . . It is unnecessary and inappropriate to shop around for a second judge to, in essence, act as an appellate tribunal to review a possible error by the trial judge.").

[4] "[A] federal prisoner who proceeds under § 2241 does not need a [certificate of appealability] to proceed." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

5